IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 1:25-cv-00525 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PATRICIA L. BOWDEN, | ) | |
| 16 Kareela Avenue | ) | |
| Noosa Heads, Queensland 4567 Australia | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff, the United States of America, at the request and with the authorization of a delegate of the Secretary of the Treasury and at the direction of the Attorney General of the United States, brings this action to collect civil penalties assessed under 31 U.S.C. § 5321(a)(5) against Patricia L. Bowden for her willful failure to report her interest in foreign bank accounts for years 2016 and 2017.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 1355(a) because the action arises under a federal statute, the United States is the plaintiff, and the action seeks to recover civil penalties incurred under an Act of Congress.

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1391(c)(3) as Patricia L. Bowden is not resident in the United States.

### PARTIES

3. Plaintiff is the United States of America.

4. Defendant Patricia Bowden is a United States citizen. On information and belief, she currently lives in Australia.

1

**THE FBAR REPORTING REQUIREMENT**

5.  31 U.S.C. § 5314 authorizes the Secretary of the Treasury to require United States

    persons to report certain transactions with foreign financial entities.

6.  Under the statute's implementing regulations, each United States person who has a

    financial interest in or signatory authority over foreign reportable accounts that exceed

    $10,000 in aggregate value must report those accounts to the United States for each year

    such relationship exists. 31 C.F.R. §§ 1010.350(a), 1010.306(c).

7.  For purposes of the reporting rules, "United States person" is defined to include all

    citizens of the United States, 31 C.F.R. § 1010.350(b)(1), and "reportable accounts"

    include bank accounts, securities accounts, and other defined financial accounts,

    31 C.F.R. § 1010.350(c).

8.  For 2016 and 2017 (the years at issue) persons were required to report a relationship with

    a foreign account on FinCEN Form 114, Report of Foreign Bank and Financial Accounts.

    This form is commonly known as an "FBAR."

9.  An FBAR requires a U.S. person to annually disclose—for each foreign account in which

    that person has an interest (unless that person has 25 or more accounts)—the account

    number, the account type, the name and mailing address of the financial institution in

    which the account is held, and the maximum value of the account during that calendar

    year. *See* on FinCEN Form 114, Report of Foreign Bank and Financial Accounts.

10. For 2016, the FBAR was due by June 30, 2017. 31 C.F.R. § 1010.306(c). For 2017, the

    FBAR was due by June 30, 2018. *Id.*

## THE FBAR PENALTY

11. 31 U.S.C. § 5321(a)(5) authorizes the imposition of civil penalties for a willful failure to comply with the requirements of 31 U.S.C. § 5314.

12. The maximum amount of the penalty for a willful failure to report an account is $100,000 or 50% of the balance in the account at the time of the violation, whichever is greater. 31 U.S.C. § 5321(a)(5)(C).

13. The penalty under 31 U.S.C. 5321(a)(5)(C) is subject to interest and late-payment penalties under 31 U.S.C. § 3717.

## PATRICIA BOWDEN FAILED TO REPORT FOREIGN ACCOUNTS

14. Patricia Bowden is a U.S. citizen by birth, and has resided in Australia for over 20 years. She previously worked as a banking executive with Goldman Sachs & Co. She has not expatriated from the United States.

15. OVDP was a set of procedures to encourage individuals to disclose previously unreported foreign investment income on their tax returns. Patricia Bowden applied for the Offshore Voluntary Disclosure Program (OVDP) on June 30, 2011. Her request to participate in the program was denied.

16. Patricia Bowden initially failed to file her U.S. federal income tax returns and FBARs for 2004 through 2010 tax years. Using its powers to determine the correct income tax liabilities of taxpayers where they have not filed income tax returns, the Service conducted an examination of those those years, and issued a Notice of Deficiency for 2004 through 2010 tax years. In 2012, Patricia Bowden filed a petition in U.S. Tax Court challenging the Notice of Deficiency, and ultimately filed delinquent returns for 2004 through 2010, and fully paid agreed upon taxes.

3

17. On Schedule B for each of her delinquent tax returns for 2004 through 2010 years, when asked "At any time during [the tax year], did you have an interest in or signature or other authority over a financial account in a foreign country…," Patricia Bowden checked "Yes."

18. Patricia Bowden filed a FBAR for the 2010 tax year on June 20, 2011. She identified four accounts in her name, two of which were located in Hong Kong, one in Australia, and one in Japan.

19. Patricia Bowden failed to file federal income tax returns for 2011 through 2017, and after examination the Service made assessments of income taxes against her.

20. In a letter dated May 16, 2018, Patricia Bowden stated she filed income tax returns in Australia. She further stated "The expense and effort of trying to file a U.S. tax return cannot be justified. Given the amount of tax I pay in Australia surely is greater than any tax that would be assessed under the U.S. system there is surely no reasonable purpose served by my filing U.S. tax returns."

21. The Service examined years 2016 and 2017 for Ms. Bowden's FBAR compliance.

22. Through a treaty request, the Service secured bank account statements for accounts owned by Patricia Bowden in 2016 and 2017 and held at Citibank and Bank of Queensland, both of which are in Australia. The Citibank accounts were solely in Patricia Bowden's name and include a checking account, and a combined savings and investment account. The Bank of Queensland account was a current account she held jointly with her husband Phillip Bowden.

23. The aggregate balances of the three accounts exceeded $10,000 during the 2016 and 2017 calendar years.

## PATRICIA BOWDEN WILLFULLY FAILED
## TO DISCLOSE HER FOREIGN ACCOUNTS

24. Patricia Bowden's failure to file accurate FBARs for 2016 and 2017 was willful. She knew of the FBAR filing requirement and knew that she had an interest in or exercised control over the unreported foreign accounts.

25. Patricia Bowden knew a foreign account holder must file an FBAR because she filed a FBAR for her 2010 tax year on June 20, 2011. In a letter dated June 20, 2011 she submitted with her declined OVDP application, she acknowledged she had become aware of her FBAR filing requirements.

26. Patricia Bowden has a history of repetitive tax non-compliance evident by her failure to filed federal income tax returns for years 2004 through 2010 that resulted the Service proposing income tax assessments in the absence of a return for tax years 2004 through 2010 before she filed delinquent returns for 2004 through 2010, and fully paid agreed upon taxes. She continued to fail to file returns for 2011 through 2017, causing the Service to examine the those tax years and make assessments for those years in the absence of returns submitted by her.

## THE IRS ASSESSED FBAR PENALTIES FOR 2016 AND 2017

27. For 2016, the IRS assessed, pursuant to 31 U.S.C. § 5321(a)(5) a willful FBAR penalty of $406,316.

28. For 2017, the IRS assessed, pursuant to 31 U.S.C. § 5321(a)(5) a willful FBAR penalty of $325,336.

29. The FBAR penalties for 2016 and 2017 described above were assessed against Patricia Bowden on February 22, 2023.

## COUNT ONE: REDUCTION OF FBAR PENALTIES TO JUDGMENT

30. During 2016 and 2017, Patricia Bowden was a United States citizen who had a financial interest in or signatory authority over three foreign bank accounts, identified in ¶ 22, above, the aggregate value of which exceeded $10,000.

31. Patricia Bowden failed to file an FBAR with respect to the six accounts identified in ¶ 22, above.

32. Patricia Bowden's failure to file these FBARs was willful within the meaning of 31 U.S.C. § 5321(a)(5)(C).

33. A delegate of the Secretary of the Treasury assessed civil penalties on February 22, 2023 against Patricia Bowden under 31 U.S.C. § 5321(a)(5) for her willful failure to file FBARs with respect to the three accounts identified in ¶ 22, above.

34. Patricia Bowden was assessed $406,316 for 2016 and $325,336 for 2017.

35. A delegate of the Secretary of the Treasury sent notice of the civil penalty assessments to Patricia Bowden and demanded payment of the assessments.

36. Despite notice and demand for payment, Patricia Bowden failed to fully pay the penalties assessed against her.

37. Interest and penalties have accrued and will continue to accrue on the penalties described in ¶ 34, above, pursuant to 31 U.S.C. § 3717 until they are paid in full.

38. Patricia Bowden is indebted to the United States in the amount of $782,306.37 as of March 4, 2024 plus interest and statutory additions that have occurred and will continue to occur until the liability is paid in full for her total FBAR penalties for 2016 and 2017.

## PRAYER FOR RELIEF

WHEREFORE, the United States requests that the Court:

A.  Enter judgment in favor of the United States and against Defendant Patricia L. Bowden in

the amount of $782,306.37 as of March 4, 2024, for the penalties assessed against her

under 31 U.S.C. § 5321(a)(5) for 2016 and 2017, plus interest and statutory additions that

have occurred and will continue to occur until the liability is paid in full or remand to the

Service for redetermination of the penalties owed;

B.  Award to the United States its costs of prosecuting this action; and

C.  Grant such other and further relief as the Court deems just and equitable.

Dated: February 21, 2025

*/s/ Ann E. Nash*

ANN E. NASH
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
202-307-6489 (phone)
202-514-6866 (fax)
ann.e.nash@usdoj.gov
