**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff*,<br>v.<br>PATRICIA L. BOWDEN,<br>*Defendant*. | Civil Action No. 25-00525 (AHA) |

**Memorandum Opinion**

The United States brought this action against Patricia L. Bowden alleging that she willfully failed to report foreign bank accounts to the Internal Revenue Service. The amended complaint alleges Bowden, a U.S. citizen, had three Australian bank accounts that together held more than $10,000 in 2016 and 2017 but she did not file the required tax document for each account. ECF No. 5 ¶¶ 22–23, 33–34. After filing proof of service and getting the clerk's entry of default, the government now moves for default judgment. ECF No. 13. Upon reviewing the government's motion, the court ordered the government to file supplemental information to support the damages requested. Minute Order (June 2, 2026). The court now grants the government's motion.

The Federal Rules of Civil Procedure authorize a court to enter default judgment against a defendant who does not show up to defend themselves. Fed. R. Civ. P. 55(b)(2). The rules set forth a two-step process for default judgment. First, the plaintiff must ask the clerk of court to enter default against a defendant that "has failed to plead or otherwise defend" themselves. Fed. R. Civ. P. 55(a). Second, the plaintiff moves for default judgment, which may be granted "when the adversary process has been halted because of an essentially unresponsive party." *Mwani v. bin*

*Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005); Fed. R. Civ. P. 55(b)(2). "Once default is entered, the defendant 'is deemed to admit every well-pleaded allegation in the complaint.'" *United States v. Debrick*, No. 24-cv-1053, 2025 WL 1639702, at *2 (D.D.C. June 10, 2025) (quoting *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001)). The court "must ensure that default was properly entered and, if so, decide whether the facts stated in the complaint, accepted as true, entitle the plaintiff to judgment in her favor." *McLaughlin v. Hartford Life & Annuity Ins. Co.*, 299 F. Supp. 3d 115, 117–18 (D.D.C. 2017).

Here, the government sought and obtained the clerk's entry of default after Bowden failed to plead or otherwise defend herself in this case. And Bowden's failure to take any action in this litigation has made it impossible for the court to resolve the government's claims on the merits, so the government's motion for default judgment is proper. *See Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) ("Given the absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense, it is clear that the standard for default judgment has been satisfied." (cleaned up)). The court therefore turns to whether the government is entitled to judgment in its favor if the facts stated in the amended complaint are accepted as true.[1]

It is. Federal law instructs the Treasury Secretary to require citizens, residents, and other people in the U.S. to file reports on transactions with foreign financial agencies. 31 U.S.C.

[1] Before assessing the facts in the amended complaint, and particularly given the absence of any adversary party, the court independently considers its jurisdiction over this suit and the sufficiency of service on Bowden. Given that this action is brought by the federal government, one source of jurisdiction is 28 U.S.C. § 1345, which provides that "district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States." And the docket reflects that Bowden was properly served at her home in Australia pursuant to Federal Rule of Civil Procedure 4(f), which provides for service of individuals in foreign countries. *See* ECF Nos. 7, 8; Fed. R. Civ. P. 4(f).

§ 5314(a). The Secretary's implementing regulations require any U.S. person to report if they have accounts holding more than $10,000, in the aggregate, in a foreign country. 31 C.F.R. §§ 1010.306(c), 1010.350(a). Someone who willfully fails to report relevant accounts is subject to a penalty of up to $100,000 per account or fifty percent of the account balance, whichever is greater. 31 U.S.C. § 5321(a)(5)(C)–(D). They must also pay interest and more penalties for late payment. *Id.* § 3717(a)(1), (e). Here, the amended complaint alleges that in 2016 and 2017, Bowden had three Australian bank accounts whose aggregate value was more than $10,000, but she did not report them. ECF No. 5 ¶¶ 22–24. The amended complaint further alleges the failure to report was willful because Bowden had reported foreign bank accounts before and therefore knew of her obligation and because she sent a letter stating, "[t]he expense and effort of trying to file a U.S. tax return cannot be justified." *Id.* ¶¶ 17–18, 20, 24–25. These allegations, accepted as true, establish Bowden willfully failed to report her foreign accounts, subjecting her to statutory penalties. 31 U.S.C. § 5321(a)(5)(C).

"Although the default establishes a defendant's liability, the court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain." *Serv. Emps. Int'l Union Nat'l Indus. Pension Fund v. Vistacare LLC*, 819 F. Supp. 3d 1, 10 (D.D.C. 2026) (quoting *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co., Inc.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002)). Here, the government's requested damages are "sums certain," because they were calculated according to statutory instructions. *See* ECF No. 15 at 2–6 (calculating the penalties owed by Bowden according to 31 U.S.C. § 5321(a)(5)(C)); ECF No. 15-1 ¶¶ 7–10 (calculating late-payment penalties and pre-judgment interest according to 31 U.S.C. §§ 3717(a)(1) and (e)(2)); *Amrine Drywall*, 239 F. Supp. 2d at 31 (explaining that requested damages were considered "sums certain" because they were determined "pursuant to calculations mandated

in ERISA"). Still, the government must "prove its entitlement to the amount of monetary damages requested." *Vistacare*, 819 F. Supp. 3d at 10 (citing *Amrine Drywall*, 239 F. Supp. 2d at 30). After reviewing the government's default judgment motion, the court asked the government to submit additional information to prove its entitlement to its requested damages and now concludes the government is entitled to the damages it requests.

The law subjects Bowden to a maximum penalty of either $100,000 per account, adjusted for inflation, or fifty percent of the account balance, whichever is greater. 31 U.S.C. § 5321(a)(5)(C); *see also* 31 C.F.R. § 1010.821 (providing for adjustments for inflation). For 2016, the government seeks $399,963 in penalties, which it has shown to be within fifty percent of the total balances of each of the unreported accounts for that year. *See* ECF No. 15-2 at 3; ECF No. 15-3 at 1; ECF No. 15-4 at 1; ECF No. 15 at 2–5. For 2017, the government seeks $293,464 which it has shown is within the per-account penalty maximum, adjusted for inflation. *See* ECF No. 15 at 5–6; *see also* 87 Fed. Reg. 3433, 3434 (Jan. 24, 2022) (adjusting the $100,000 statutory maximum to $144,886 for 2022).

The government has also shown it is entitled to $23,880.49 in pre-judgment interest, which accrues at 1% non-compounding per year and $143,282.92 in late payment penalties, which accrues at 6% non-compounding per year, both accruing from the date of the government's demand letter. 31 U.S.C. § 3717(a)(1), (b), (e)(2); ECF No. 15-1 ¶¶ 8–10 (citing 87 Fed. Reg. 70888 (Nov. 21, 2022)).

The court therefore grants the government's motion for default judgment and awards $860,590.41 in damages.

A separate order accompanies this memorandum opinion.

AMIR H. ALI
United States District Judge

Date: August 17, 2026